[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Stamford, Connecticut, on November 6, 1982, a total of 19 years. The Wife filed this complaint claiming a dissolution of marriage, custody, support, alimony, an equitable division of real and personal property, a change of name, and other relief. No answer was filed by the Husband who, nevertheless, was fully heard over three days of trial.
The Wife is 47 years old, a high school graduate, and in poor health. She suffers from genital herpes, apparently contracted from her husband, which is painfully active at least once per month, and leaves her fatigued, with a high temperature, and often in pain. Rather than take oral medications with the attendant side affects, she treats it with topical applications. In the past, testimony indicated that she contracted other sexually transmitted diseases from her husband. She also has an autoimmune disease, caused by stress, which affects the pigmentation of her skin. During the marriage, she has been in counseling and on anti-depressant medication. A March 2002 auto accident, now in litigation, added neck and back injuries to her many problems. While no medical testimony was offered on any of the medical conditions described, her testimony was credible.
During the marriage, the Wife worked at numerous different jobs, mostly part-time and of a secretarial or retail clerk nature. She also took off time to be a "stay at home mom". Recently, she has been working part-time as restaurant hostess and as a paraprofessional for the Shelton Board of Education. Her stated goal, for which she has filed an application and taken aptitude tests, is to obtain a full time position with the Shelton Board. While she is obviously limited by her serious medical conditions, responsibility to her minor child, and educational background, she should be able to become more productive in the future. Her income capacity at present is limited to the weekly income of $107.98 ($5,614.96 per year) as shown on her financial affidavit.
The Husband is 48 years old, a high school graduate, and in poor health. He suffers from severe depression and anxiety for which he is totally disabled, on full disability from his employment, takes numerous medications, and receives $77,012.00 per year in insurance benefits. The benefits commenced in September of 2001 and expire after 24 months. However, he has an application pending with the Social Security Administration which, if approved, will provide him with continued disability benefits of an unknown amount. Throughout the marriage he worked at different corporations, Paradigm, General Data Com, and Erickson, as a communications specialist earning up to $125,000.00 per year. When his disability insurance benefits expire, or if he ever returns to work, his income situation should be reevaluated. His income capacity at present must be limited to the insurance benefits received.
Two children were born to the Wife during the marriage: Joseph, date of birth December 28, 1983 (19 years old), who is now a college student at CT Page 7871 Virginia Tech, and Steven, date of birth March 4, 1996 (16 years old), who just completed his sophomore year in high school. Tuition for Joseph is around $18,000.00 per year and is primarily paid by the Wife's mother — the balance is shared to some degree, after loans, by the parents. Joseph is a severe asthmatic and suffers from allergies. The minor child Steven has juvenile diabetes and needs very close monitoring. He requires three insulin shots per day and has experienced numerous hypoglycemia attacks leading to hospital emergency room assistance. He requires psychological counseling which he unfortunately resists and is currently doing poorly in school. The burdens of this child's care have fallen solely to the mother which have impacted on her ability to work full-time. Steven's relationship with his father is currently not good. To the credit of both parties, they have been able to work out a satisfactory parenting plan which will be addressed in the orders of the court.
Neither party had any assets to speak of which they brought into the marriage. However, during the marriage the Wife inherited $5,000.00 from her grandmother, the parties received a loan from the Wife's parents of $30,000.00, and a $10,000.00 gift from the Husband's brother, all of which assisted in the purchase of the marital residence. Also, in 1997 the Wife's parents purchased an automobile for the Husband. It would be fair to say that, throughout the marriage, the Wife's parents have been very generous to the couple and their two children. Even today, her mother's generosity helps with the college education expenses for the older child and the living expenses of the Wife herself.
The assets of the parties are quite modest and hardly warranted a three day trial. The marital residence has a stipulated fair market value of $215,500.00. After deducting the mortgage balance of $165,878.56 and a tax lien to the State of Connecticut in the amount of $6,552.41, there is left an equity of $43,069.03. While the Wife's financial affidavit showed an additional liability in the form of a judgment lien to Citicorp, that debt seems to have been discharged in bankruptcy. The motor vehicles owned have no equity and other personal property very limited value. Bank accounts, for all practical purposes, have no balances. A 401k plan at the Husband's previous employer has a balance of $7,500.00. It should also be noted, that the parties filed a written stipulation that certain Janus Funds in the approximate amount of $12,374.00 will be held for the benefit of the two children. Further, the Wife has a civil action pending, which has an uncertain future, for injuries suffered in a recent auto accident.
As for liabilities, excluding attorney's fees for this action, the Husband shows personal loans to his brother and a friend totaling $20,500.00. The Wife shows a liability to her mother in the amount of CT Page 7872 $25,000.00 plus some very small credit card debt. While the parties both testified to very poor management of their finances, a recent bankruptcy apparently discharged many of their obligations.
It would serve no useful purpose to chronicle the many causes for the breakdown of this marriage which is clearly irretrievable. The Wife claimed that the Husband gave her herpes and other sexually transmitted diseases, was unfaithful, physically and mentally abusive, frequently intoxicated, and a compulsive gambler. The Husband claimed that the Wife was a compulsive spender which led to their bankruptcy, had emotional problems, and frequently denied him sex. While there are two sides to every breakdown, and perceptions frequently vary, suffice it to say that the Wife's claims in this case were clearly more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The Stipulation Re: Custody and Visitation dated April 29, 2002, signed by the parties, was reviewed by the court, found to be in the best interests of the minor child and is incorporated herein by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $210.00 per week, in accordance with the Child Support Guidelines, pursuant to an immediate wage withholding order. In order to monitor if the support order is appropriate, the parties are to immediately report to one another on any substantial change in their income status.
LIFE INSURANCE
The Husband shall name the Wife and minor child equal beneficiaries on his $55,000.00 group life insurance policy until he no longer has any obligation to them for child support or alimony. This paragraph shall be subject to modification. CT Page 7873
MEDICAL INSURANCE
The Husband shall maintain the minor child on his medical insurance until he no longer has any financial obligation for child support. Unreimbursed medical expenses shall be shared 26% by the Wife and 74% by the Husband. This paragraph shall be subject to modification.
REAL ESTATE
The Husband shall quit claim to the Wife his interest in the 483 Pumpkin Hill property subject to the outstanding mortgage, real estate taxes, State of Connecticut tax lien and the judgment lien to Citicorp, if one exists. The Wife shall save the Husband harmless on any and all claims regarding said encumbrances. Within three years from date, she shall cause the Husband's name to be removed from any obligation on the mortgage.
ALIMONY
The Husband, during his lifetime, shall pay to the Wife $475.00 per week as alimony until the Wife's death, remarriage, or cohabitation. Said payments are to be made pursuant to an immediate wage withholding order.
PERSONAL PROPERTY
Each party shall retain the bank accounts shown on their respective financial affidavits.
The Husband shall retain the 1997 Ford Escort subject to the outstanding loan which he shall assume and save the Wife harmless from any claims arising out of same.
The Wife shall retain the 2000 Hyundai Sonata subject to the outstanding loan which she shall assume and save the Husband harmless from any claims arising out of same.
Each party shall retain the furniture and personal possessions in their control except that the Husband shall be entitled to the following items now located in the marital residence which he shall remove within 30 days from date or consider abandoned: Waterford ornaments, Waterford lamps, kitchen table, three wall units, miscellaneous tools and computer peripherals.
JANUS FUNDS
CT Page 7874
The agreement of the parties dated May 9, 2002, as on file, regarding the maintenance of the Janus Funds for education purposes, was reviewed by the court, found to be fair and equitable, and is incorporated herein by reference.
RETIREMENT ASSETS
The Husband shall retain his Erickson 401k deferred compensation plan in the approximate amount, after deducting the outstanding loan, of $7,500.00.
LIABILITIES
Each party shall be responsible for the liabilities shown on their respective financial affidavits and shall save the other harmless from any and all claims regarding same. Specifically, the Wife shall be responsible for the loan from her parents, Filene's, and Dr. John Raus, and the Husband for the loans from his brother, friend Jeff Lobdell, and the Erickson 401k plan.
COUNSEL FEES
No counsel fees are awarded.
TAXES
By May 1st of each year, the parties shall exchange their complete IRS tax returns to monitor if the payments of alimony and support are appropriate under the circumstances then existing.
PERSONAL INJURY CLAIM
The Wife shall retain any proceeds she may receive as a result of injuries sustained from a motor vehicle accident that occurred on March 4, 2002.
RESTORATION OF BIRTH NAME
The Wife's birth name Arcano is restored.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified CT Page 7875 by defendant's counsel, and file it with the court within 30 days.
 ___________________ CUTSUMPAS, J.